UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

M.H.,

                     Plaintiff,

        -against-

STARBUCKS COFFEE COMPANY,

                Defendant.

Civil Action 1:22-cv-10507-GHW

---

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT STARBUCKS CORPORATION'S MOTION TO DISMISS

---

Littler Mendelson P.C.
Devjani H. Mishra
Rebecca Goldstein
900 Third Avenue
New York, NY 10022
212.583.9600

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ............................................................................................... 1

    I.     THE PARTIES.................................................................................................. 1

    II.    PROCEDURAL HISTORY............................................................................... 2

ARGUMENT .................................................................................................................. 3

    I.     THE LEGAL STANDARD............................................................................... 3

        A.    Starbucks Is Not Vicariously Liable for a Crime Committed By A Former Partner Who Was Off-Duty, Off-Premises, and Acting Far Outside of the Scope of His Employment................................................... 4

        B.    Plaintiff Fails to State a Claim That Starbucks Negligently Hired, Supervised or Retained Mariani................................................................ 7

            (1)    The Rape Did Not Occur on Starbucks' Premises........................ 9

            (2)    Plaintiff Has Not Sufficiently Alleged that Starbucks Knew or Should Have Known that Mariani Had a Propensity to Commit Sexual Assault or Rape. ................................................. 10

                (a)    Plaintiff's allegations concerning unrelated instances of "harassment" committed by and against other persons, at other locations, do not show a propensity on the part of Mariani…………………………………………………..10

                (b)    Mariani's prior weapons-related convictions do not establish a propensity for committing crimes of sexual assault or rape. ...................................................... 11

                (c)    The harassment complaint made to and investigated by Starbucks does not establish a propensity to commit sexual assault. ..................................................... 13

                (d)    Starbucks' issuance of a final written warning did not reflect "condonation" of Mariani's harassment.......... 14

                (e)    Mariani's alleged relationship with one or more other employees is not alleged to have been known to Starbucks and therefore cannot support a negligence claim. .......................................................... 16

(3) Plaintiff's Claim For Negligent Hiring and Retention Is Barred By Workers' Compensation Law ..................................... 17

CONCLUSION ....................................................................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*"John Doe 1" v. Board of Educ. of Greenport Union Free Sch. Dist.*,
100 A.D.3d 703 (2d Dep't 2012) ........................................................................9, 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..........................................................................................3, 4, 8

*Barenboim v. Starbucks Corp.*,
21 N.Y.3d 460Y. Slip Op. 04754 (June 26, 2013) ..................................................6

*Burlew v. American Mut. Ins. Co.*,
63 N.Y.2d 412 (1984) ............................................................................................18

*C.Q. v. Estate of Rockefeller*,
No. 20-CV-2205 (VSB), 2021 U.S. Dist. LEXIS 203563 (S.D.N.Y. Oct. 21,
2021) ..............................................................................................................8, 10, 11

*Capak v. St. Execs Mgmt.*,
No. 20-CV-11079 (RA), 2021 U.S. Dist. LEXIS 121144 (S.D.N.Y. June 29,
2021) .........................................................................................................................7

*Conde v. Yeshiva Univ.*,
16 A.D.3d 185 (1st Dep't 2005) ............................................................................17

*Dia CC v. Ithaca City School District*,
304 A.D.2d 955 (3d Dep't 2003) .............................................................................6

*Doe v. Alsaud*,
12 F. Supp. 3d 674 (S.D.N.Y. 2014) ..................................................7, 9, 12, 13, 14

*Doe v. Guthrie Clinic, Ltd.*,
519 Fed. Appx. 719 (2d Cir. 2013) ..........................................................................8

*Doe v. Heckeroth Plumbing & Heating of Woodstock, Inc.*,
192 A.D.3d 1236 (3d Dep't 2021) ............................................................................5

*Doe v. The New York State Assembly et al.*,
Index No. 3314-04 (Sup. Ct. Albany Cty. Mar. 15, 2005) ......................................5

*Doe v. Poly Prep Country Day Sch.*,
No. 20-CV-04718 (DG) (PK), 2022 U.S. Dist. LEXIS 177670 (E.D.N.Y. Sept.
29, 2022) .................................................................................................................17

*Doe v. Uber Techs., Inc.*,
    551 F. Supp. 3d 341 (S.D.N.Y. 2021).....................................................................................10

*Duviella v. Counseling Serv.*,
    No. 00-CV-2424 (ILG), 2001 U.S. Dist. LEXIS 22538 (E.D.N.Y. Nov. 20,
    2001) .......................................................................................................................................15

*Ehrens v. Lutheran Church*,
    385 F.3d 232 (2d Cir. 2004)...............................................................................................7, 9

*Father Belle Community Ctr. v. New York State Div. of Human Rights*,
    221 A.D.2d 44 (4th Dept. 1996) ..............................................................................................15

*Flores v. Saulpaugh*,
    115 F. Supp. 2d 319 (N.D.N.Y. 2000) .................................................................................5, 6

*Forester v. State of New York*,
    169 Misc. 2d 531 (N.Y. Ct. Cl. 1996)......................................................................................6

*Godfrey v. Spano*,
    13 N.Y.3d 358 (2009) ............................................................................................................16

*Gonzalez v. Beth Isr. Med. Ctr.*,
    262 F. Supp. 2d 342 (S.D.N.Y. 2003)....................................................................................15

*Guzman v. Macy's Retail Holdings, Inc.*,
    No. 09 Civ. 4472 (PGG), 2010 U.S. Dist. LEXIS 29544 (S.D.N.Y. Mar. 29,
    2010) .......................................................................................................................................15

*Haight v. NYU Langone Med. Ctr., Inc.*,
    No. 13 Civ. 4993 (LGS), 2016 U.S. Dist. LEXIS 60 (S.D.N.Y. Jan. 4, 2016).......................18

*Haybeck v. Prodigy Servs. Co.*,
    944 F. Supp. 326 (S.D.N.Y. 1996).................................................................................8, 9, 17

*Heskin v. InSite Advert., Inc.*,
    No. 03 Civ. 2508 (GBD)(AJP), 2005 U.S. Dist. LEXIS 2546 (S.D.N.Y. Feb.
    22, 2005) .................................................................................................................................15

*Hyunjung Ki v. City of New York*,
    No. 20-CV-4343 (ARR) (JRC), 2021 U.S. Dist. LEXIS 203390 (E.D.N.Y.
    Oct. 21, 2021) .........................................................................................................................17

*Jessica H. v. Equinox Holdings, Inc.*,
    No. 103866/08, 2010 N.Y. Misc. LEXIS 1215 (N.Y. Sup. Ct., N.Y. Cty., Jan.
    4, 2010) ...................................................................................................................................13

*JG v. Card*,
No. 08 Civ. 5668 (KMW), 2009 U.S. Dist. LEXIS 85372 (S.D.N.Y. Sept. 16, 2009) ...................................................................................................................4, 5

*KM v. Fencers Club*,
164 A.D.3d 891 (2d Dep't 2018) ...........................................................................6

*Kruger v. EMFT, LLC*,
930 N.Y.S.2d 11 (2d Dep't 2011) .........................................................................18

*Kunz v. New Netherlands Routes, Inc.*,
64 A.D.3d 956 (3d Dept. 2009) ..........................................................................5, 6

*Matamoros v. Starbucks Corp.*,
No. 08-10772-NMG, 2011 U.S. Dist. LEXIS 28597 (D. Mass. Feb. 8, 2011),
*aff'd*, 699 F. 3d 129 (1st Cir. 2012) ......................................................................6

*McGill v. Parker*,
179 A.D.2d 98 (1st Dep't 1992) ...........................................................................17

*Mehrhoff v. William Floyd Union Free Sch. Dist.*,
No. 04-CV-3850(JS)(MLO), 2005 U.S. Dist. LEXIS 46326 (E.D.N.Y. Aug. 22, 2015) ...............................................................................................................15

*Miller v. Nat'l Property Mgmt. Assocs., Inc.*,
142 N.Y.S.3d 256, 259 (4th Dep't 2021) .............................................................17

*Milosevic v. O'Donnell*,
No. 114612/09, 28 Misc. 3d 1229[A] (N.Y. Sup. Ct., N.Y. Cty., June 17, 2010), *aff'd*, 89 A.D.3d 628, 934 N.Y.S.2d 375 (1st Dep't 2011) ...........................9

*Mucciarone v. Initiative, Inc.*,
No. 18-cv-567 (PKC), 2020 U.S. Dist. LEXIS 64440 (S.D.N.Y. Apr. 10, 2020) ...................................................................................................................14

*Muka v. Greene Cty.*,
101 A.D.2d 965 (3rd Dep't 1984) ........................................................................16

*N.X. v. Cabrini Med. Ctr.*,
97 N.Y.2d 247 (2002) ..................................................................................4, 5, 8

*Reed v. Belknap Heating & Cooling, Inc.*,
No. 01-CV-0829E(Sc), 2004 U.S. Dist. LEXIS 7365 (W.D.N.Y. Apr. 20, 2004) ...................................................................................................................14

*Ross v. Mitsui Fudosan, Inc.*,
2 F. Supp. 2d 522 (S.D.N.Y. 1998) .......................................................................8

*In re Starbucks Emple. Gratuity Litig.*,
   264 F.R.D. 67 (S.D.N.Y. 2009) ................................................................. 6

*Thomas v. New York City Health & Hosps. Corp.*,
   No. 02 Civ. 5159 (RJH), 2004 U.S. Dist. LEXIS 17694 (S.D.N.Y. Sept. 1,
   2004) ........................................................................................................... 15

*Tompkins v. Int'l Bus. Machines Corp.*,
   668 N.Y.S.2d 673 (2d Dept. 1998) ............................................................ 17

**Statutes**

18 Pa. Cons. Stat. § 9125 ................................................................................. 12

Cal. Lab. Code §§ 432.7, 432.8 ...................................................................... 12

Colo. Rev. Stat. § 8-2-130 ............................................................................... 12

Conn. Gen. Stat. § 31-51i ................................................................................ 12

D.C. Code §§ 32-1341, 32-1342 ..................................................................... 12

Fair Credit Reporting Act ................................................................................ 11

Haw. Rev. Stat. §§ 378-2(a)(1), 378-2.5(a) .................................................... 12

Ill. Comp. Stat. 75/10, 75/15(a) ...................................................................... 12

La. Rev. Stat. Ann. § 23.291.2 ........................................................................ 12

Md. Code, Crim. Proc. § 10-228 ..................................................................... 12

Me. Rev. Stat. tit. 26, § 600-A ........................................................................ 12

Mich. Comp. Laws § 37 ................................................................................... 12

Minn. Stat. § 364.021 ...................................................................................... 12

N.J. Admin. Code § 12:68-1.2 ......................................................................... 12

N.J. Stat. §§ 34:6B-11, 34:6B-14 .................................................................... 12

N.M. Stat. Ann. § 28-2-3.1 .............................................................................. 12

N.Y. Exec. Law § 296(16) ............................................................................... 12

New York State Corrections Law, Art. 23-A .............................................. 12, 13

Or. Rev. Stat. § 659A.360 ............................................................................... 12

R.I. Gen. Laws §§ 28-5-7(7), 28-6.14-1 ...........................................................................12

Vt. Stat. Ann. Tit. 21 § 495j.............................................................................................12

Wash. Rev. Code §§ 49.94.005, 49.94.010......................................................................12

Wis. Stat. § 111.321, 111.322, 111.335 ...........................................................................12

**Other Authorities**

*Report of the EEOC Select Task Force on the Study of Harassment in the*
   *Workplace*, June 2016, available at https://www.eeoc.gov/select-task-force-
   study-harassment-workplace......................................................................................14

## PRELIMINARY STATEMENT

Defendant Starbucks Corporation ("Starbucks") [1] does not dispute that its former partner, Plaintiff M.H. ("Plaintiff") was the victim of an unfortunate serious crime committed by another former Starbucks partner, Justin Mariani ("Mariani") while both were off-duty and away from Starbucks' premises.

That said, Plaintiff's effort to seek a *civil* remedy against Starbucks is misguided. As explained in detail in this Motion, there is no legal basis for Plaintiff's employment claims against Starbucks, as Mariani was a non-supervisor, off the clock, off premises, and acting far outside of the scope of his employment when he committed the criminal offense. New York law provides Plaintiff no cause of action in such a circumstance. Moreover, as a matter of law, Starbucks could not reasonably have foreseen that Mariani had a propensity to commit sexual assault, and therefore cannot be held liable, directly or indirectly, on a negligence-based theory.

Therefore, Starbucks respectfully requests the Court dismiss the Complaint in its entirety.

## STATEMENT OF FACTS

### I.     THE PARTIES

Starbucks is an American chain of coffeehouses, with over 9,000 locations nationwide. *See* April 24, 2023 Declaration of Mallori Coulombe submitted herewith ("Coulombe Dec.") ¶ 3. Starbucks employees are referred to as "partners". *Id*. ¶ 4. Starbucks stores are staffed by three types of partners: baristas, shift supervisors, and store managers. *Id*. ¶ 5.

---

[1] Named in the Complaint as "Starbucks Coffee Company".

A "barista" is a partner working in a retail position at Starbucks.  Baristas are responsible for the preparation of hot and cold beverages, cash register transactions, and excellent customer service.  *Id.* ¶ 6.

A "shift supervisor" performs all the duties of a barista, helps guide the work of others and assists with ordering and accounting.  It is not a "supervisory" position, in that partners in the shift supervisor role have no authority to hire, fire, issue disciplinary action, write performance reviews, promote or demote other Starbucks partners, or perform any other supervisory or managerial task. *Id.* ¶ 7.

Store managers are responsible for, *inter alia*, managing the store in a way that promotes the culture, value, and mission of Starbucks.  *Id.* ¶ 8.

Starbucks hired Plaintiff as a barista in December 2020 at Store #61922, which is the Starbucks located at 160 Grant Avenue, Auburn, New York (the "Auburn Location").  Compl. ¶¶ 16, 29; Coulombe Dec. ¶ 9.  At the time Plaintiff was hired by Starbucks, Mariani was a shift supervisor at the Auburn Location.  Compl.  ¶¶ 14, 16; Coulombe Dec. ¶ 10.  Mariani remained in that position until he was terminated on April 23, 2021.  Coulombe Dec. ¶ 11; Compl. ¶ 37.

On May 9, 2022, Mariani pled guilty to Third Degree Rape for having nonconsensual sexual intercourse with Plaintiff at or near East Brutus Street in the town of Brutus, County of Cayuga on April 17, 2021.  Compl. ¶¶ 38, 39.  Plaintiff took a leave of absence from Starbucks from August 20 to September 10, 2021 and resigned on May 27, 2022.  Coulombe Dec. ¶ 13.

## II.   PROCEDURAL HISTORY

Plaintiff claims in this action that Starbucks is vicariously liable under the New York State Human Rights Law for her injuries under the doctrine of *respondeat superior*.  Compl. ¶¶ 42, 47.  On March 23, 2023, the Court held an initial pretrial conference and a pre-motion conference to

address the instant motion.  At this conference, Plaintiff's counsel stated that Plaintiff's "sole count is under the New York State Human Rights Law" and acknowledged that Plaintiff is not pursuing a claim for negligent hiring, supervision, or retention.  Mishra Dec. ¶ 2, Ex. A at 12.[2]

## ARGUMENT

## I.      THE LEGAL STANDARD

To withstand a *Rule* 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Such facial plausibility exists only "when the plaintiff pleads factual content that allows the court to draw the *reasonable* inference that the defendant is liable for the misconduct alleged," as a "sheer possibility that a defendant has acted unlawfully" is not enough to survive dismissal.  *Id.* (emphasis added).

In determining whether Plaintiff meets this standard, the Court must conduct a two-part analysis.  *Id.* at 678-79.  First, the Court must separate factual allegations from legal conclusions, because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678.  Thus, a complaint must be dismissed under Rule 12(b)(6) if it contains nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id*.  This is because while a court must accept a complaint's factual allegations as true, this tenet "is inapplicable to legal conclusions," including those "couched as a factual allegation."  *Id*.

Second, the Court must determine whether the factual allegations sufficiently show the plaintiff has a "plausible claim for relief."  *Iqbal*, 556 U.S. at 679.  Where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the plaintiff has not met her burden.  *Id.*; *Twombly*, 550 U.S. at 570 (to prevent dismissal, claims must cross the line

---

[2] "Mishra Dec." refers to the April 24, 2023 Declaration of Devjani H. Mishra, Esq. with exhibits, submitted herewith.

"from conceivable to plausible.").  In making this assessment, the Court is to draw upon its "judicial experience and common sense," including by considering "more likely explanations" which would preclude a plausible finding of liability.  *Iqbal*, 556 U.S. at 679, 681.

Here, the Complaint fails to meet this basic standard.  Even affording Plaintiff every favorable inference, the employment claims contained in her Complaint against Starbucks are deficient as a matter of law, as New York does not provide for a cause of action under employment law in this circumstance.  Thus, the Complaint should be dismissed with prejudice.

### A.   Starbucks Is Not Vicariously Liable for a Crime Committed By A Former Partner Who Was Off-Duty, Off-Premises, and Acting Far Outside of the Scope of His Employment.

As the Court of Appeals has consistently recognized, "[u]nder the doctrine of *respondeat superior*, an employer may be vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer's business and within the scope of employment."  *N.X. v. Cabrini Med. Ctr.*, 97 N.Y.2d 247, 251 (2002).  The Court of Appeals specifically so ruled in the context of an on-premises sexual assault committed by a hospital employee, finding that the hospital was not vicariously liable because "[a] sexual assault perpetrated by a hospital employee is not in furtherance of hospital business and is a clear departure from the scope of employment, having been committed for wholly personal motives."  *Id.*  "An employee's actions are within the scope of his employment if they are taken to further the employer's interest or to "carry out duties incumbent on the employee in furthering the employer's business."  *JG v. Card*, No. 08 Civ. 5668 (KMW), 2009 U.S. Dist. LEXIS 85372, *30 (S.D.N.Y. Sept. 16, 2009) (internal citations omitted).  An "intentional tort can fall within the scope of employment if it was reasonably foreseeable and a natural incident of the employment."  *Id.* at *30-31 (internal citations omitted).  "However, if an employee commits a tort for 'personal

motives unrelated to the furtherance of the employer's business,' there is no *respondeat superior* liability." *Flores v. Saulpaugh*, 115 F. Supp. 2d 319, 325 (N.D.N.Y. 2000) (collecting cases).

In *JG v. Card*, this Court dismissed the plaintiffs' claim for vicarious liability, finding that the misconduct at issue "could not have been within the scope of Teacher-Defendants' employment" as "[n]o employment-related purpose could have been served by Teacher-Defendants' alleged inappropriate sexual conduct" toward minor Plaintiffs. *Id.* at *31; *see also Kunz v. New Netherlands Routes, Inc.*, 64 A.D.3d 956, 958 (3d Dept. 2009) (granting motion to dismiss claim for vicarious liability because employee's sexual assault was "a clear departure from the scope of employment"). Similarly, here, there is no reasonable basis to conclude that Mariani's sexual assault of Plaintiff more than eight miles away from Starbucks' premises and outside working hours occurred within the scope of his employment for Starbucks or could possibly serve an employment-related purpose. Therefore, this claim should be dismissed.

Courts in this State have regularly dismissed efforts to impose vicarious liability on an employer for sexual assault, *even* where (unlike here) the assault is alleged to have occurred on the employer's premises, because sexual assault is deemed to be a personal criminal act that is utterly outside the scope of employment.[3] *See Cabrini Med. Ctr.*, 97 N.Y.2d at 252; *Doe v. Heckeroth Plumbing & Heating of Woodstock, Inc.*, 192 A.D.3d 1236 (3d Dep't 2021) (affirming that employer could not be held vicariously liable for employee's sexual assault of a minor that

---

[3] During the pre-motion conference, Plaintiff's counsel referenced an inapposite case involving the off-premises rape of a subordinate by a New York State Assemblyman. In *Doe v. The New York State Assembly et al.*, Index No. 3314-04, (Sup. Ct. Albany Cty. Mar. 15, 2005) the Court found the State Assembly liable for the off-premises rape of a subordinate that occurred at and after work-sponsored and related events, including a Young Democrats event, a fundraiser for the Democratic Assembly Campaign committee, and a dinner with lobbyists. A copy of the Decision and Order is attached to the Mishra Dec. as Exhibit B at 6-7. In *Doe v. New York State Assembly*, however, there had been reports to the employer of the perpetrator's sexual advances towards other female employees, including his rape of the plaintiff's co-worker, prior to the incident involving the plaintiff. *See id.* at 8. In contrast, Plaintiff does not allege the sexual assault here was related to her work at Starbucks, nor that it was at, followed, or preceded a work event or shift. Further, Plaintiff does not allege that the prior report of Mariani's conduct involved any comments made to Plaintiff herself, or any conduct against any other Starbucks employee as serious as sexual assault.

occurred in an employer-provided vehicle); *KM v. Fencers Club*, 164 A.D.3d 891, 892 (2d Dep't 2018) (awarding judgment as a matter of law to employer, and dismissing *respondeat superior* claim, where employee engaged in an unlawful sexual relationship with a minor attending an after-school program; employee's "misconduct was committed for wholly personal motives, and not in furtherance of [employer's] business and within the scope of his employment"); *Kunz*, 64 A.D.3d at 958 (affirming that company could not be vicariously liable for sexual assault and battery committed by one board member against another because "[s]exual assault 'is a clear departure from the scope of employment'"); *Dia CC v. Ithaca City School District*, 304 A.D.2d 955, 956 (3d Dep't 2003) (holding that school district "may not be held vicariously liable for a sexual assault committed by its employee" against a student).[4]  Here, there can be no dispute that Mariani was acting far outside of the scope of his employment when he assaulted Plaintiff, who was unconscious due to voluntary intoxication, while both were off-duty and miles away from the Auburn Location.  *See* Compl. ¶¶ 38, 39.

Further, Plaintiff does not plausibly allege that Starbucks had reason to believe or suspect that Mariani would sexually assault Plaintiff or any other person.   See Section B(2), *infra*.  Therefore, Plaintniff's claim for vicarious liability should be dismissed.  *See Forester v. State of New York*, 169 Misc. 2d 531 (N.Y. Ct. Cl. 1996) (holding that school officials were not vicariously liable where they had no reason to believe that teacher would physically assault student); *Flores*,

---

[4] The vicarious liability question does not need to be evaluated in the context of a supervisor-subordinate relationship as the New York State Court of Appeals has evaluated this issue at length and determined that Starbucks shift supervisors do not exercise "meaningful or significant authority or control over subordinates."  *Barenboim v. Starbucks Corp.*, 21 N.Y.3d 460, 473, N.Y. Slip Op. 04754 (June 26, 2013); *see also In re Starbucks Emple. Gratuity Litig.*, 264 F.R.D. 67, 73 (S.D.N.Y. 2009) (finding shift supervisors are not agents under NYLL § 196-d); *but see Matamoros v. Starbucks Corp.*, No. 08-10772-NMG, 2011 U.S. Dist. LEXIS 28597, at *23 (D. Mass. Feb. 8, 2011) (determining that, for purposes of applying the Massachusetts Tips Law (M.G.L. c. 149, § 152A), shift supervisors possess "some managerial responsibility."), *aff'd*, 699 F. 3d 129 (1st Cir. 2012).  Supervisory responsibility over Starbucks partners is limited to Assistant Store Managers and Store Managers.  Mariani never held either of these titles at any time. Compl. ¶¶ 8, 16.  That said, this question need not be addressed as Mariani's conduct was far outside of the scope of his employment, and Plaintiff thus fails to state a claim against Starbucks regardless of Mariani's title.

115 F. Supp. 2d at 325 (holding that teacher's sexual harassment of student was neither reasonably foreseeable nor a natural incident of teacher's employment; "it is clear that such harassment was undertaken for purely personal motives and not in furtherance of the District's business"). Therefore, to the extent Plaintiff's claims are based on a vicarious liability theory, such claims must be dismissed.

**B.     Plaintiff Fails to State a Claim That Starbucks Negligently Hired, Supervised or Retained Mariani.[5]**

The Complaint generally alleges that Starbucks negligently or recklessly hired, retained, and supervised Mariani as it knew or should have known, either before or during Mariani's employment, that he "posed a threat of harm to females."  Compl. ¶ 51.  These allegations are insufficient to state such a claim.

"To state a claim for negligent supervision or retention under New York law, in addition to the standard elements of negligence, a plaintiff must show: (1) that the tort-feasor and the defendant were in an employee-employer relationship; (2) that the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence; and (3) that the tort was committed on the employer's premises."  *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004) (citations omitted).  In the specific context of sexual assault allegations, a plaintiff must provide in the complaint "factual allegations concerning [the tortfeasor's] propensity for sexual assault," as well as factual allegations "suggesting that [the defendant] knew or should have known of any such prior acts" by the tortfeasor.  *Doe v. Alsaud*, 12 F. Supp. 3d 674, 680 (S.D.N.Y. 2014); *see also Capak v. St. Execs Mgmt.*, No. 20-CV-11079

---

[5] Plaintiff's counsel stated at the pre-motion conference that Plaintiff is not asserting a claim for negligent hiring, supervision, or retention, see Mishra Dec. Ex. A at 12.  However, because the Complaint asserts that Starbucks was "negligent" or "grossly negligent" in its hiring, supervision, or retention of Mariani at least ten times, Starbucks addresses this cause of action here.  To the extent Plaintiff is indeed withdrawing this claim, the Court need not address this argument.

(RA), 2021 U.S. Dist. LEXIS 121144, at *11 (S.D.N.Y. June 29, 2021) (dismissing negligent hiring and retention claim because "complaint is devoid of any facts tending to show that, at the time [the tortfeasor] was hired, he had a propensity for violence that was known to [defendants]."); *Ross v. Mitsui Fudosan, Inc.*, 2 F. Supp. 2d 522, 532 (S.D.N.Y. 1998) (finding that "plaintiff must plead facts," and not "[c]onclusory allegations," "that show that the employer knew of the employee's propensity for the type of behavior that caused plaintiff's harm."); *C.Q. v. Estate of Rockefeller*, No. 20-CV-2205 (VSB), 2021 U.S. Dist. LEXIS 203563, *24 (S.D.N.Y. Oct. 21, 2021).

To survive the instant motion to dismiss, Plaintiff must allege facts demonstrating that Starbucks had actual or constructive knowledge of Mariani's proclivities to engage in the harmful conduct at issue either before it hired him or during his employment. *See Doe v. Guthrie Clinic, Ltd.*, 519 Fed. Appx. 719, 721 (2d Cir. 2013); *Haybeck v. Prodigy Servs. Co.*, 944 F. Supp. 326, 332 (S.D.N.Y. 1996); *N.X.*, 280 A.D.2d at 42, *aff'd as mod.*, 97 N.Y.2d 247 (2002) ("a necessary element of a negligent supervision claim requires a showing that the defendant knew of the employee's propensity to commit the tortious act or should have known of such propensity had the defendant conducted an adequate hiring procedure.").  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to . . . [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

As set forth below, the Complaint fails to sufficiently allege that Starbucks should have known of Mariani's propensity to commit sexual assault and cannot allege that his assault of Plaintiff occurred on Starbucks' premises. As such, Plaintiff cannot use a negligence theory to maintain a Human Rights Law claim.

### (1)   The Rape Did Not Occur on Starbucks' Premises.

The fact that the rape did not occur on Starbucks' premises is alone sufficient to dismiss Plaintiff's negligent hiring, supervision, and retention claim. To withstand a motion to dismiss, a claim for negligent supervision and retention must allege that the conduct complained of occurred at the employer's premises. *Alsaud*, 12 F. Supp. 3d at 681-82; *Haybeck*, 944 F. Supp. at 332; *Ehrens*, 385 F.3d at 236; *"John Doe 1" v. Board of Educ. of Greenport Union Free Sch. Dist.*, 100 A.D.3d 703, 705-06 (2d Dep't 2012); *Milosevic v. O'Donnell*, No. 114612/09, 28 Misc. 3d 1229[A], at *4 (N.Y. Sup. Ct., N.Y. Cty., June 17, 2010), *aff'd*, 89 A.D.3d 628, 934 N.Y.S.2d 375 (1st Dep't 2011).

The Complaint alleges that Mariani raped Plaintiff on April 17, 2021 and includes an excerpt of the transcript from Mariani's May 9, 2022 plea hearing. Compl. ⁋⁋ 38-39. In that transcript, Mariani admits that he raped Plaintiff on April 17, 2021 at or near East Brutus Street in the town of Brutus, County of Cayuga. Compl. ⁋ 39. The Starbucks store that employed Plaintiff and Mariani is Store #61922, which is located over eight miles away in Auburn, New York. Compl. ⁋⁋ 14, 16, 29; Coulombe Dec. ⁋⁋ 2, 9. Therefore, as the Complaint establishes that the rape did not occur on Starbucks' premises, Plaintiff's claim for negligent supervision or retention and must be dismissed. *Ehrens*, 385 F.3d at 236 (dismissing negligent supervision claim as the alleged sexual assault was not committed on the employer's premises); *Alsaud*, 12 F. Supp. 3d at 681-82 (dismissing negligent supervision and retention claim because the tort did not occur on the employer's premises or with its chattels); *Board of Educ. of Greenport Union Free Sch. Dist.*, 100

A.D.3d at 705-06 (dismissing negligent hiring and supervision claims where the school employee's sexual misconduct occurred "off of school grounds").

> (2)    *Plaintiff Has Not Sufficiently Alleged that Starbucks Knew or Should Have Known that Mariani Had a Propensity to Commit Sexual Assault or Rape.*
>
>> (a)    Plaintiff's allegations concerning unrelated instances of "harassment" committed by and against other persons, at other locations, do not show a propensity on the part of Mariani.

Plaintiff alleges that "[p]rior to Plaintiff's rape by [Mariani] . . . Starbucks was aware female employees had been sexually assaulted and/or harassed by male co-workers, supervisors, and patrons." Compl. ⁋ 11. The Complaint then engages in syllogism, to wit: it lists four claims allegedly made by other female Starbucks employees in varied Starbucks locations and all against different Starbucks employees, as well as an article in *Cosmopolitan* published in 2018; it claims that these various incidents all prove that Starbucks is aware that allegations of sexual harassment and/or assault have been made by female employees and customers; and it uses this premise to argue that Starbucks therefore knew or should have known of *Mariani's* propensity for sexual assault. *Id*. ⁋⁋ 12-13. However, none of these conclusory allegations by other complainants against other individuals bear on *Mariani's* alleged proclivity for sexual assault as none of these alleged incidents involved Mariani, Plaintiff, or the Auburn Location. *Id.; see Doe v. Uber Techs., Inc.*, 551 F. Supp. 3d 341, 362 (S.D.N.Y. 2021) (dismissing negligent hiring, supervision, and retention claim where plaintiff merely alleged that Uber drivers, generally, were sexually assaulting female customers because Uber had almost 6,000 reports of sexual assault during rides in the United States in a two year-span, as this claim was not specific to the driver at issue).

In *C.Q. v. Estate of Rockefeller*, 2021 U.S. Dist. LEXIS 203563, defendant Rockefeller hired plaintiff's mother as a live-in chef at his residence where plaintiff and her family lived. *Id.* at *2. Rockefeller also employed a chauffeur, who, unbeknownst to Rockefeller, had a history of

domestic violence and accusations of sexual assault.  *Id.* at *3.  At various points during plaintiff's

mother's employment, the chauffeur was asked to look after the plaintiff and her brother, who

were under the age of 10 at the time, during which time the chauffeur sexually assaulted plaintiff.

*Id.* at *3-4.  Plaintiff's negligent hiring and retention claims were dismissed as the Court found the

Complaint was devoid of specific factual allegations that established that the chauffeur had a

propensity for sexual assault before defendant hired him or that defendant knew or should have

known that he had such a propensity.  *Id.* at *25 (noting that the alleged prior misconduct must be

of the same kind that caused the injury).  Here, unlike in *C.Q.*, Plaintiff has not even alleged that

Mariani was accused of sexual assault prior to his hire by Starbucks.

> (b)     Mariani's prior weapons-related convictions do not establish a
>         propensity for committing crimes of sexual assault or rape.

Plaintiff further alleges that Mariani's prior criminal convictions of (1) felony burglary in

2010 in Kentucky; and (2) possession of an unregistered firearm with an obliterated serial number

in Kentucky in 2011 should have put Starbucks on notice of Mariani's propensity for criminal

behavior, and therefore that Starbucks should have known of Mariani's proclivity for sexually

assault.  Compl. ¶¶ 17, 24.  These convictions were not known to Starbucks prior to its hiring of

Mariani, as they predated the standard seven-year search that Starbucks retained a third-party

background check vendor to provide in accordance with the Fair Credit Reporting Act.  *See id.* ¶

18.

Thus, the question becomes whether, *if* Mariani's prior convictions had been made known

to Starbucks, Starbucks would have been obligated to act on this information by not hiring

Mariani.[6]  In assessing whether an employer is on notice of a propensity for misconduct, courts in

---

[6] While the Complaint suggests that Mariani's criminal history "was and is a public record and easily discoverable
with minimal diligence," *id.* ¶ 18, we are aware of no authority suggesting that a prospective employer is duty-bound
to search "public record" for an unlimited period of time, and indeed such a practice would run afoul of restrictions

New York have long recognized that "[t]he prior misconduct… must be of the same kind that caused the injury; general, unrelated or lesser allegations of prior wrongdoing are insufficient." *Alsaud*, 12 F. Supp. 3d 674.  On the face of the Complaint, Plaintiff has failed to plead a cause of action for negligent hiring as Mariani's 2010 and 2011 convictions for burglary and possession of an unregistered firearm do not constitute the same kind of misconduct as a sexual assault or rape.

Further, Starbucks could not simply have refused to hire Mariani based on his 2010 and 2011 convictions, even if it knew of them, because under New York law, employers cannot apply a blanket prohibition on hiring individuals who have been convicted of criminal offenses, even felonies.  New York State Corrections Law, Art. 23-A.  Rather, the employer must consider the relevance of a specific criminal conviction to the job in question, as well as the time elapsed since the offense (more than seven years, Compl. ¶ 18), the individual's age at the time, and the State's strongly stated interest in enabling individuals to return to gainful employment following conviction.[7]

---

on pre-employment criminal background checks in many states.  *See, e.g.,* N.Y. Exec. Law § 296(16); Cal. Lab. Code §§ 432.7, 432.8; Colo. Rev. Stat. § 8-2-130; Conn. Gen. Stat. § 31-51i; D.C. Code §§ 32-1341, 32-1342; Haw. Rev. Stat. §§ 378-2(a)(1), 378-2.5(a); 820 Ill. Comp. Stat. 75/10, 75/15(a); La. Rev. Stat. Ann. § 23.291.2; Me. Rev. Stat. tit. 26, § 600-A; Md. Code, Crim. Proc. § 10-228; Mich. Comp. Laws § 37. 2205(a)(1); Minn. Stat. § 364.021; N.J. Stat. §§ 34:6B-11, 34:6B-14; N.J. Admin. Code § 12:68-1.2; N.M. Stat. Ann. § 28-2-3.1; Or. Rev. Stat. § 659A.360; 18 Pa. Cons. Stat. § 9125; R.I. Gen. Laws §§ 28-5-7(7), 28-6.14-1; Vt. Stat. Ann. Tit. 21 § 495j; Wash. Rev. Code §§ 49.94.005, 49.94.010; Wis. Stat. § 111.321, 111.322, 111.335.

[7] Before an employer may deny employment based upon a candidate's prior criminal conviction, it must consider the following eight factors:

a.  The public policy of this state, as expressed in this act, to encourage the licensure and employment of persons previously convicted of one or more criminal offenses.

b.  The specific duties and responsibilities necessarily related to the license or employment sought or held by the person.

c.  The bearing, if any, the criminal offense or offenses for which the person was previously convicted will have on his fitness or ability to perform one or more such duties or responsibilities.

d.  The time which has elapsed since the occurrence of the criminal offense or offenses.

e.  The age of the person at the time of occurrence of the criminal offense or offenses.

f.  The seriousness of the offense or offenses.

g.  Any information produced by the person, or produced on his behalf, in regard to his rehabilitation and good conduct.

h.  The legitimate interest of the public agency or private employer in protecting property, and the safety and welfare of specific individuals or the general public.

It cannot fairly be said that Mariani's convictions for burglary and firearms offenses, which were unknown to Starbucks and occurred more than seven years prior to his job application, automatically should have precluded him from employment at Starbucks.  Nor can it be argued that these convictions established that Mariani had a propensity to commit sexual assault, a wholly different crime from the weapons-related offenses of which he was convicted.  Therefore, Plaintiff's negligent hiring claim should be dismissed.

(c)   The harassment complaint made to and investigated by Starbucks does not establish a propensity to commit sexual assault.

In addition, the internal harassment complaint against Mariani during his employment at Starbucks did not establish a propensity to commit sexual assault.  "New York courts have held in employee sexual misconduct cases that an employer is only liable for negligent supervision or retention if it is aware of specific prior acts or allegations against the employee," and when the misconduct is "of the same kind that caused the injury. . . ."  *Alsaud*, 12 F. Supp. 3d at 681 (citing *K.I. v. New York City Bd. of Educ.*, 256 A.D.2d 189, 191-92 (1st Dep't 1998) ("vague allegations that the teachers 'encouraged' plaintiff's personal relationship with [the employee] do not suffice to impose liability on the Board, as it would not have been foreseeable to the teachers that [the employee] would harm plaintiff.")); *Jessica H. v. Equinox Holdings, Inc.*, No. 103866/08, 2010 N.Y. Misc. LEXIS 1215, at *13 (N.Y. Sup. Ct., N.Y. Cty., Jan. 4, 2010) ("a negligent retention theory is not viable in a sexual abuse case, unless the employer had notice of prior allegations of an employee's improper conduct and failed to investigate the allegations.") (citation omitted).

As alleged in the Complaint, Mariani was investigated by Starbucks in February 2021 after an internal report was made that Mariani (1) "made inappropriate sexual comments, jokes, and innuendo in the workplace"; and (2) "engaged in unwanted touching."  Compl. ¶¶ 19, 21.  Plaintiff

---

New York State Corrections Law Art. 23-A.

was neither the Complainant nor a participant in the investigation.  Further, the internal report

made about Mariani involved claims that are of a far less severe nature than rape and sexual assault,

and could not have established his propensity for the same.  *See Alsaud*, 12 F. Supp. 3d 674

(dismissing negligent hiring and retention claim); *see Mucciarone v. Initiative, Inc.,* No. 18-cv-

567 (PKC), 2020 U.S. Dist. LEXIS 64440, at *14 (S.D.N.Y. Apr. 10, 2020) (granting summary

judgment to employer on negligent supervision and retention claims where prior allegations of

sexual *harassment* against an employee, including that he put his arm around the plaintiff, did not

establish a propensity to commit sexual *assault*).

> (d)     Starbucks' issuance of a final written warning did not reflect
> "condonation" of Mariani's harassment.

As a result of its investigation, Starbucks issued Mariani a final written warning for his

"pattern of making inappropriate, sexual comments in the workplace." Compl. ⁋ 22.  As articulated

by counsel at the pre-motion conference, Plaintiff's theory of liability is that such corrective action

amounts to condonation of Mariani's conduct, thereby making Starbucks liable for any further

harassment committed by Mariani.  Mishra Dec. Ex. A at 9.  But this theory is not supported by

the case law.  In fact, Courts in this Circuit have found that a written warning is appropriate after

the employer's investigation determined the employee acted inappropriately.  *See Reed v. Belknap*

*Heating & Cooling, Inc.*, No. 01-CV-0829E(Sc), 2004 U.S. Dist. LEXIS 7365, at *25-26

(W.D.N.Y. Apr. 20, 2004) ("an employer's remedy need not necessarily expel the harasser from

the work environment to be effective…."); *Gonzalez v. Beth Isr. Med. Ctr.*, 262 F. Supp. 2d 342,

355 (S.D.N.Y. 2003).[8]

---

[8] The EEOC itself instructs that "[a]ccountability requires that discipline for harassment be proportionate to the offensiveness of the conduct," and endorses the use of warnings rather than termination for derogatory language or sexist jokes; "the use of the term 'zero tolerance' may inappropriately convey a one-size-fits-all approach, in which every instance of harassment brings the same level of discipline.  This, in turn, may contribute to employee under-reporting of harassment, particularly where they do not want a colleague or co-worker to lose their job over relatively minor harassing behavior – they simply want the harassment to stop."  *Report of the EEOC Select Task Force on the*

"[A]n employer cannot be held liable for an employee's discriminatory acts [under state and city law] unless the employer became a party to it by encouraging, condoning or approving it." *Thomas v. New York City Health & Hosps. Corp.*, No. 02 Civ. 5159 (RJH), 2004 U.S. Dist. LEXIS 17694, at *32 (S.D.N.Y. Sept. 1, 2004) (internal citations omitted) (dismissing NYSHRL and NYCHRL claims, finding there was no evidence the employer encouraged, condoned, or approved the employee's actions).   "Condonation may be disproved by a showing that the employer reasonably investigated a complaint . . . and took corrective action." *Heskin v. InSite Advert., Inc.*, No. 03 Civ. 2508 (GBD)(AJP), 2005 U.S. Dist. LEXIS 2546, at *77 (S.D.N.Y. Feb. 22, 2005) (internal citations omitted); *Father Belle Community Ctr. v. New York State Div. of Human Rights*, 221 A.D.2d 44, 54 (4th Dept. 1996) (same).   Here, on the face of the Complaint, Plaintiff admits Starbucks took remedial action by issuing a final written warning after completing its investigation.   See Compl. ¶¶ 19, 21.   Such investigation and corrective action disprove Plaintiff's unsupported claim that Starbucks somehow condoned Mariani's behavior.   *See Mehrhoff v. William Floyd Union Free Sch. Dist.*, No. 04-CV-3850(JS)(MLO), 2005 U.S. Dist. LEXIS 46326, at *23 (E.D.N.Y. Aug. 22, 2015) (dismissing sexual harassment claim when plaintiff did not allege the Board condoned the selective treatment of plaintiff); *Duviella v. Counseling Serv.*, No. 00-CV-2424 (ILG), 2001 U.S. Dist. LEXIS 22538, *52-53 (E.D.N.Y. Nov. 20, 2001) ("[a]n employer's calculated inaction in response to discriminatory conduct may, as readily as affirmative action, indicate condonation") (internal citations omitted); *Guzman v. Macy's Retail Holdings, Inc.*, No. 09 Civ. 4472 (PGG), 2010 U.S. Dist. LEXIS 29544, at *32 (S.D.N.Y. Mar. 29, 2010) (finding plaintiff's pleading, which alleged the regional vice president of human resources was aware of plaintiff's internal complaint but refused to investigate it, pled

---

*Study of Harassment in the Workplace*, June 2016, available at https://www.eeoc.gov/select-task-force-study-harassment-workplace.

facts sufficient to demonstrate Macy's condoned the discriminatory acts).  As Plaintiff has pled

that Starbucks issued Mariani a corrective action for his inappropriate conduct, there is no basis to

conclude, as a matter of law, that Starbucks condoned Mariani's behavior, and to the extent

Plaintiff's theory of liability is premised on this ground, her claim should be dismissed.

> (e)  Mariani's alleged relationship with one or more other employees is
> not alleged to have been known to Starbucks and therefore cannot
> support a negligence claim.

Further, Plaintiff's conclusory claim that "[u]pon information and belief, [Mariani] also

had a sexual relationship with one or more female Starbucks baristas who worked at Perpetrator's

store(s)" does not establish that Starbucks knew of such alleged relationship, as would be needed

to state a claim for negligent supervision or retention.  *See* Compl. ⁋ 23; *Muka v. Greene Cty.*, 101

A.D.2d 965, 105 (3rd Dep't 1984) (conclusory averment of wrongdoing are insufficient to sustain

a complaint unless supported by allegations of ultimate facts."); *Godfrey v. Spano*, 13 N.Y.3d 358,

373 (2009) ("conclusory allegations – claims consisting of bare legal conclusions with no factual

specificity – are insufficient to survive a motion to dismiss").

Plaintiff's claim that Mariani allegedly had a sexual relationship with one or more female

baristas, without more, does not establish either Mariani's alleged propensity for sexual assault, or

that Starbucks knew or should have known of such propensity.  First, a "sexual relationship" does

not by definition involve "sexual assault".  In addition, even construing the allegations in the

Complaint as true, Plaintiff provides no support for her assertion that Starbucks knew or should

have known of any sexual relationship(s) between Mariani and any barista.  As such, these facts

cannot form the basis of a claim of negligent retention or supervision and are insufficient to

withstand a motion to dismiss.  *See McGill v. Parker*, 179 A.D.2d 98, 105 (1st Dep't 1992)

(*quoting Guggenheimer v. Ginzburg*, 43 N.Y.2d 268, 275 (1977)).

The Complaint is devoid of any facts sufficient to conclude Starbucks knew of Mariani's "propensity" for sexual assault or rape prior to his arrest.  For this reason alone, Plaintiff's negligent hiring, supervision, and/or retention claim should be dismissed.  *Haybeck*, 944 F. Supp. at 332 (dismissing negligent retention claim because the plaintiff did not allege that employer had knowledge of co-worker's alleged propensity or history of misconduct); *Doe v. Poly Prep Country Day Sch.*, No. 20-CV-04718 (DG) (PK), 2022 U.S. Dist. LEXIS 177670, at *20-21 (E.D.N.Y. Sept. 29, 2022) (dismissing negligent hiring and retention claim when Complaint was devoid of allegations that defendant knew that the employee was committing assaults or that defendant had constructive knowledge of assaults); *Hyunjung Ki v. City of New York*, No. 20-CV-4343 (ARR) (JRC), 2021 U.S. Dist. LEXIS 203390, at *15 (E.D.N.Y. Oct. 21, 2021) (dismissing negligent hiring, training, and supervision claim when plaintiff only asserted conclusory allegations with respect to defendant's knowledge).

> *(3)    Plaintiff's Claim For Negligent Hiring and Retention Is Barred By Workers' Compensation Law.*

Finally, to the extent Plaintiff asserts a claim for negligent hiring, supervision and retention of employees, it must be dismissed as it is well-settled in New York that the Workers' Compensation Law bars a plaintiff-employee from suing an employer for damages founded in negligence.  *See Tompkins v. Int'l Bus. Machines Corp.*, 668 N.Y.S.2d 673, 674 (2d Dept. 1998); *Conde v. Yeshiva Univ.,* 16 A.D.3d 185, 187 (1st Dep't 2005) (a "claim for negligent hiring and retention must thus be dismissed due to the exclusivity of remedy under the Workers' Compensation Law [NYWCL].") (*citing* N.Y. Workers' Comp. Law §§ 11, 29) ("[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee . . . when such employee is injured ... by the negligence or wrong of another in the same employ...."); *see also Burlew v. American Mut. Ins. Co.,* 63 N.Y.2d 412, 416 (1984); *Miller v.*

*Nat'l Property Mgmt. Assocs.*, Inc., 142 N.Y.S.3d 256, 259 (4th Dep't 2021) ("workers' compensation benefits are the exclusive remedy for injuries allegedly caused by the negligence of a person's employer . . . .") (internal citations and punctuation omitted).

Indeed, negligence claims, like the one pled by Plaintiff, are routinely dismissed on this basis in New York. *See, e.g., Haight v. NYU Langone Med. Ctr., Inc.,* No. 13 Civ. 4993 (LGS), 2016 U.S. Dist. LEXIS 60, at *6 (S.D.N.Y. Jan. 4, 2016) (dismissing negligent supervision and retention claim as barred by New York Workers' Compensation Law); *Kruger v. EMFT, LLC,* 930 N.Y.S.2d 11, 13–14 (2d Dep't 2011) (same). Thus, Plaintiff's negligence claim is barred by the Workers' Compensation Law and must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Starbucks respectfully requests that this Court grant its motion to dismiss in its entirety and dismiss the Complaint with prejudice, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 24, 2023

*/s/ Devjani Mishra*
Devjani H. Mishra
Rebecca Goldstein
Littler Mendelson, P.C.
900 Third Avenue
New York, NY  10022.3298
212.583.9600
*Attorneys for Defendant*