UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| M.H.,<br><br>      Plaintiff,<br><br> -against-<br><br>STARBUCKS COFFEE COMPANY,<br><br>      Defendant. | Civil Action 1:22-cv-10507-GHW |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT STARBUCKS CORPORATION'S MOTION TO DISMISS**

                        Littler Mendelson P.C.
                        Devjani H. Mishra
                        Rebecca Goldstein
                        900 Third Avenue
                        New York, NY 10022
                        212.583.9600

## **TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT ................................................................................................ 1

    I.    PLAINTIFF'S VICARIOUS LIABILITY CLAIM SHOULD BE DISMISSED. ........................................................................................................ 1

        A.    The Complaint and Public Criminal Record Prove that Mariani Was Off-Duty, Off-Premises, and Acting Far Outside of the Scope of His Employment When He Assaulted Plaintiff. .................................... 1

        B.    As the Assault Was Far Outside of the Scope of Mariani's Employment, The Nature of His Position at Starbucks Is of No Moment. ............................................................................................................ 4

    II.    PLAINTIFF'S PURPORTED NYSHRL CLAIM BASED ON ALLEGED "CONDONATION" HAS NO BASIS IN LAW OR FACT. ................................ 5

CONCLUSION ............................................................................................................................ 8

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Adams v. Delta Airlines, Inc.*,
   No. 16-CV-1986 (KAM)(LB), 2018 U.S. Dist. LEXIS 53534 (E.D.N.Y. Mar.
   29, 2018) ...................................................................................................................................5

*Barenboim v. Starbucks Corp.*,
   21 N.Y.3d 460, 2013 N.Y. Slip Op. 04754 (June 26, 2013) ................................................4, 5

*Matter of Bonacorsa v. Van Lindt*,
   71 NY2d 605 (1988) ..................................................................................................................8

*Burhans v. State*,
   Index No. 152906/14, 2015 N.Y. Misc. LEXIS 9641 (Sup. Ct. N.Y. Cty. Jan.
   7, 2015) ........................................................................................................................................3

*Dia CC v. Ithaca City School District*,
   304 A.D.2d 955 (3d Dep't 2003) ..............................................................................................2

*Doe v. Alsaud*,
   12 F. Supp. 3d 674 (S.D.N.Y. 2014) ........................................................................................8

*Doe v. Heckeroth Plumbing & Heating of Woodstock, Inc.*,
   192 A.D.3d 1236 (3d Dep't 2021) ........................................................................................2, 3

*Doe v. The New York State Assembly et al.*,
   Index No. 3314-04 (Sup. Ct. Albany Cty. Mar. 15, 2005) ....................................................3

*Matter of Father Belle Community Ctr. v. New York State Div. of Human Rights*,
   221 A.D.2d 44 (4th Dep't 1996) ...............................................................................................6

*Ferris v. Delta Air Lines, Inc.*,
   277 F.3d 128 (2d Cir. 2001) ......................................................................................................3

*Griffin v. Sirva, Inc.*,
   29 N.Y.3d 174 (2017) ................................................................................................................8

*Heskin v. InSite Advert., Inc.*,
   No. 03 Civ. 2508 (GBD)(AJP), 2005 U.S. Dist. LEXIS 2546 (S.D.N.Y. Feb.
   22, 2005) ......................................................................................................................................6

*JG v. Card*,
   No. 08 Civ. 5668 (KMW), 2009 U.S. Dist. LEXIS 85372 (S.D.N.Y. Sept. 16,
   2009) ............................................................................................................................................2

*KM v. Fencers Club, Inc.*,
    164 A.D.3d 891 (2d Dep't 2018) ............................................................................................2

*Kunz v. New Netherlands Routes, Inc.*,
    64 A.D.3d 956 (3d Dept. 2009) ..............................................................................................2

*Lapka v. Chertoff*,
    517 F.3d 974 (7th Cir. 2008) ..................................................................................................3

*Little v. Windermere Relocation, Inc.*,
    301 F.3d 958 (9th Cir. 2002) ..................................................................................................3

*N.X. v. Cabrini Med. Ctr.*,
    97 N.Y.2d 247 (2002) .............................................................................................................2

*Roberts v. Sugar Hill Records Ltd.*,
    No. 15 Civ. 2675 (LAP), 2017 U.S. Dist. LEXIS 238192 (S.D.N.Y. Mar. 16,
    2017) ......................................................................................................................................5

*Ross v. Mitsui Fudosan, Inc.*,
    2 F. Supp. 2d 522 (S.D.N.Y. 1998) .........................................................................................5

*Salvatore v. KLM Royal Dutch Airlines*,
    No. 98 Civ. 2450 (LAP), 1999 U.S. Dist. LEXIS 15551 (S.D.N.Y. Sept. 30,
    2019) ......................................................................................................................................5

*Thomas v. New York City Health & Hosps. Corp.*,
    No. 02 Civ. 5159 (RJH), 2004 U.S. Dist. LEXIS 17694 (S.D.N.Y. Sept. 1,
    2004) ......................................................................................................................................6

*Wilson v. Danka Corp.*,
    No. 01 Civ. 10592 (DAB)(FM), 2002 U.S. Dist. LEXIS 25055 (S.D.N.Y. Dec.
    10, 2002) ............................................................................................................................4, 5

**Statutes**

New York State Corrections Law § 752 .........................................................................................8

N.Y. Exec. Law § 296(15) ..............................................................................................................8

New York State Corrections Law, Art. 23-A .................................................................................8

**PRELIMINARY STATEMENT**

In her opposition (the "Opposition", ECF Nos. 25-26) to Defendant's[1] Motion to Dismiss the Complaint (the "Motion", ECF Nos. 21-24), Plaintiff fails to overcome the absence of any legal basis for her claims in this action. In a futile attempt to save her vicarious liability claim from dismissal, Plaintiff cites inapposite and non-controlling rulings from other courts. Plaintiff further makes conclusory, illogical arguments that cannot save her NYSHRL claim.

The public record confirms Mariani was off-premises, off-duty, and was not traveling to or from a work event or shift when he assaulted Plaintiff, and as such, Starbucks cannot be held liable for Mariani's action. Further, no cause of action lies in the NYSHRL as the Complaint itself confirms that Starbucks did not "condone" Mariani's behavior. Plaintiff's claims have no basis under controlling New York law.

Therefore, Starbucks respectfully requests the Court dismiss the Complaint in full.

**I. PLAINTIFF'S VICARIOUS LIABILITY CLAIM SHOULD BE DISMISSED.**

    **A.** *The Complaint and Public Criminal Record Prove that Mariani Was Off-Duty, Off-Premises, and Acting Far Outside of the Scope of His Employment When He Assaulted Plaintiff.*

The fact that Plaintiff was assaulted by Mariani eight miles away from Starbucks' premises, outside of working hours, and not on the way to or from a work event or shift, disposes of Plaintiff's vicarious liability claim. *See* Motion at 4-6.

Plaintiff cannot dispute these facts, which are a matter of public record and confirmed by the Complaint. A copy of the transcript of the April 27, 2022 *Huntley* Hearing in *The People of the State of New York v. Mariani*, Indictment No. 70238-21 (Sup. Ct. Cayuga Cty.) is attached as Exhibit C to the Reply Declaration of Devjani H. Mishra, Esq. submitted herewith. Therein,

---

[1] All abbreviations and citations in the Motion are adopted and incorporated herein.

Mariani admitted that on the night in question, he picked up Plaintiff from someone else's house and then drove with her to the parking lot of Weedsport High School (*see* Ex. C at 13:20-14:2); *see also* Motion at 2 (citing Compl. ¶¶ 38, 39) (alleging that Mariani admitted he assaulted Plaintiff at or near East Brutus Street in the town of Brutus, county of Cayuga).  As explained in detail in the Motion, these facts require dismissal of Plaintiff's vicarious liability claim, there being no reasonable basis to conclude that Mariani's assault of Plaintiff was within the scope of his employment or could serve any employment-related purpose.  *See* Motion at 4-5; *JG v. Card*, No. 08 Civ. 5668 (KMW), 2009 U.S. Dist. LEXIS 85372, *30 (S.D.N.Y. Sept. 16, 2009) (dismissing plaintiffs' vicarious liability claim as employee-teacher's off-premises inappropriate sexual conduct towards two minor plaintiffs could not have been within the scope of teacher's employment); *Kunz v. New Netherlands Routes, Inc.*, 64 A.D.3d 956, 958 (3d Dept. 2009) (granting employer's motion to dismiss vicarious liability claim because employee's sexual assault was "a clear departure from the scope of employment").

Further, as explained in the Motion, even when a sexual assault is alleged to have occurred on an employer's premises, *which is not the case here*, Courts in this State have dismissed efforts to impose vicarious liability on the employer because sexual assault is deemed to be a personal criminal act that is utterly outside the scope of employment.  *See* Motion at 5-6; *N.X. v. Cabrini Med. Ctr.*, 97 N.Y.2d 247, 252 (2002); *Doe v. Heckeroth Plumbing & Heating of Woodstock, Inc.*, 192 A.D.3d 1236 (3d Dep't 2021) (affirming that employer could not be held vicariously liable for employee's sexual assault of a minor that occurred in an employer-provided vehicle); *KM v. Fencers Club, Inc.*, 164 A.D.3d 891, 892 (2d Dep't 2018) (dismissing *respondeat superior* claim where employee engaged in an unlawful sexual relationship with a minor attending an afterschool program); *Dia CC v. Ithaca City School District*, 304 A.D.2d 955, 956 (3d Dep't 2003) (holding

that school district "may not be held vicariously liable for a sexual assault committed by its employee" against a student).

Ignoring these cases, the Opposition compares this case to *Doe v. The New York State Assembly et al.*, Index No. 3314-04, (Sup. Ct. Albany Cty. Mar. 15, 2005). But, as explained in the Motion, *Doe* is inapposite. *See* Motion at 5.[2] Specifically, the rape and sexual assaults in *Doe* occurred at and directly after work-sponsored and related events. *Id.*, fn. 3. The same cannot be said here. Further, in finding the State Assembly liable for the rape at issue, the Albany Supreme Court noted that reports had been made to the employer of the perpetrator's sexual advances towards other female employees, including the perpetrator's rape of the plaintiff's co-worker, prior to the incident involving the plaintiff. *Doe*, Index No. 3314-04. Here, in contrast to *Doe*, Plaintiff does not allege that the prior internal report to Starbucks concerning Mariani involved any comments or actions directed to Plaintiff herself, or any alleged conduct by Mariani against any other Starbucks employee as serious as sexual assault.[3] *See* Compl.; *contra Doe*, Index No. 3314-04 at 8. Thus, as the facts in *Doe* are materially different from those at bar, Plaintiff's reliance on *Doe* is unavailing.[4]

---

[2] A copy of the Decision and Order was attached as Ex. B to the Mishra Dec. filed in support of the Motion. *See* ECF No. 24.

[3] Unlike in *Doe*, the investigation into Mariani's alleged conduct did not involve Plaintiff as either the complainant or a witness, which the Opposition does not dispute. Motion at 13-14.

[4] *Burhans v. State*, Index No. 152906/14, 2015 N.Y. Misc. LEXIS 9641 (Sup. Ct. N.Y. Cty. Jan. 7, 2015), cited in the Opposition, likewise, is also inapposite, as it involved allegations of sexual harassment that occurred *in the workplace*. *See* Opp. at 8. In addition, the cases from other district courts cited in the Opposition are not controlling on this Court. *See id.* at 8-9. Further, all of those cases, as well as the Second Circuit case of *Ferris v. Delta Air Lines, Inc.*, 277 F.3d 128 (2d Cir. 2001), involved assaults that took place directly following a work event or during work-related travel. *See Little v. Windermere Relocation, Inc.*, 301 F.3d 958 (9th Cir. 2002) (plaintiff alleged she was raped by a client representative after a business dinner); *Ferris*, 277 F.3d 128 (flight attendant alleges she was raped by another flight attendant at a hotel their employer reserved and paid for during a layover); *Lapka v. Chertoff*, 517 F.3d 974 (7th Cir. 2008) (plaintiff alleges a co-worker sexually assaulted her after they attended a work training in the hotel room paid for by their employer). In fact, when considering whether an off-premises assault could state a claim for a hostile work environment, the Ninth Circuit noted that "[t]he rape occurred at a business meeting with a business client." *Little*, 301 F.3d at 967. Here, the assault occurred off-premises and not during, before, or after a work event or shift. Therefore, as Mariani's conduct was far outside of the scope of his employment, there is no basis to hold Starbucks liable for the criminal offense committed by Mariani against Plaintiff.

Last, Plaintiff's unsupported implication that there could be a factual dispute as to whether the rape was connected to Plaintiff's employment by Starbucks, *see* Opp. at 9, is both misleading and proven untrue by the Complaint and the public record. Motion at 2 (citing Compl. ¶¶ 38, 39); Mishra Reply Dec. Ex. C.[5]

### B. *As the Assault Was Far Outside of the Scope of Mariani's Employment, The Nature of His Position at Starbucks Is of No Moment.*

The Opposition argues that a factual dispute exists as to whether Mariani could have been Plaintiff's supervisor, thereby providing a basis for vicarious liability. Again, the Opposition thus ignores the crux of Defendant's argument: that is, regardless of Mariani's position at Starbucks, the fact that the sexual assault did not occur on Starbucks' premises, nor during, before or after a work event or shift, and was far outside of the scope of Mariani's employment, requires dismissal of Plaintiff's vicarious liability claim. Motion at 4-6*; see* Section A, *supra.*

Second, this purported factual dispute is immaterial, in that courts in this Circuit have dismissed vicarious liability claims when the alleged misconduct arose from personal motives and did not further the employer's business, *even* when the conduct was committed by plaintiff's supervisor.[6] *See Wilson v. Danka Corp.*, No. 01 Civ. 10592 (DAB)(FM), 2002 U.S. Dist. LEXIS 25055, at *13 (S.D.N.Y. Dec. 10, 2002) (dismissing vicarious liability claim when plaintiff's supervisor sexually and physically assaulted her in a taxi cab)) (*citing Salvatore v. KLM Royal Dutch Airlines,* No. 98 Civ. 2450 (LAP), 1999 U.S. Dist. LEXIS 15551 (S.D.N.Y. Sept. 30, 2019)

---

[5] The implication of Plaintiff's assertion that absent their mutual Starbucks employment, Plaintiff would never have met Mariani, is both irrelevant and unproven. *See* Opp. at 3. Employers are not liable for any future conduct that befalls an employee merely because their mutual employment was the reason for an initial introduction to a colleague. There is no legal basis to support such hypothetical untenable liability.

[6] Although Starbucks disputes that Mariani was Plaintiff's supervisor, as this issue was discussed and conclusively determined by the New York State Court of Appeals in *Barenboim v. Starbucks Corp.*, 21 N.Y.3d 460, 473, 2013 N.Y. Slip Op. 04754 (June 26, 2013) (Starbucks shift supervisors do not exercise "meaningful or significant authority or control over subordinates"); *see* Motion at 6, fn. 4, this is ultimately irrelevant for purposes of the Motion as the fact that Mariani sexually assaulted Plaintiff, and that the assault occurred off-premises, off-duty, and not on the way to or from a work event or shift, pushes this outside of the legal realm of a vicarious liability claim. *See* Motion at 4-7.

(dismissing claims where assault perpetrated by plaintiffs' supervisor was outside of the scope of his employment)); *Ross v. Mitsui Fudosan, Inc.*, 2 F. Supp. 2d 522, 531 (S.D.N.Y. 1998) (dismissing vicarious liability claim for sexual advances made by plaintiff's supervisors). Citing no legal precedent whatsoever, Plaintiff concludes that if Mariani was Plaintiff's supervisor, then her vicarious liability claim is saved from dismissal. See Opp. at 10-11.[7] In so asserting, Plaintiff ignores the direct legal precedent that refuses to impose liability in circumstances where an employee, supervisory or not, acted outside of the scope of their employment in committing a sexual assault that arose from purely personal motives. Motion at 4-7. As Plaintiff's unsupported, and in fact, disproven, conclusion is contrary to settled New York law, Plaintiff's vicarious liability claim should be dismissed.

## II. PLAINTIFF'S PURPORTED NYSHRL CLAIM BASED ON ALLEGED "CONDONATION" HAS NO BASIS IN LAW OR FACT.

After conceding she is not asserting a negligence claim,[8] Plaintiff attempts to reframe her claim as one under the NYSHRL based on Starbucks' alleged "condonation" of Mariani's conduct. *See* Opp. at 12-13. Plaintiff incongruously premises this claim on (i) Mariani's 2010 and 2011

---

[7] Putting aside the fact that the indeed.com job posting cited in the Opposition is irrelevant to the Motion, the Court should not consider this information as it is plainly outside of the Complaint. *Adams v. Delta Airlines, Inc.*, No. 16-CV-1986 (KAM)(LB), 2018 U.S. Dist. LEXIS 53534, at *9 (E.D.N.Y. Mar. 29, 2018); *Roberts v. Sugar Hill Records Ltd.*, No. 15 Civ. 2675 (LAP), 2017 U.S. Dist. LEXIS 238192, at *4-*5 (S.D.N.Y. Mar. 16, 2017); *see* Opp. 9-10. Further, Plaintiff's focus on the specific facts of *Barenboim* is misplaced. Whether or not Mariani held any supervisory role, the facts as alleged in the Complaint and set forth in the public record conclusively establish that the assault was committed while Mariani was off-premises, off-duty, and not directly during, before or after a work event or shift. This means Plaintiff's vicarious liability claim should be dismissed. *See* Motion at 4-7. Further, the case law is conclusive that an employer cannot be vicariously liable under New York law for a sexual assault committed by either a colleague or supervisor, as this crime is personal in nature and not in furtherance of the employer's business. *See Wilson*, 2002 U.S. Dist. LEXIS 25055, at *13l; *Salvatore,* 1999 U.S. Dist. LEXIS 15551; *Ross*, 2 F. Supp. 2d at 531.
[8] Although Plaintiff concedes she is not claiming negligent hiring, supervision, or retention, *see* Opp. at 11, her purported NYSHRL claim confusingly continues to read as a negligence claim (i.e., "we already know several things about Mariani that demonstrate his inappropriateness for his Starbucks employment," "[m]oreover, Mariani absolutely should not have been retained by Starbucks through the date of M.H.'s rape," "Starbucks evidently interviewed several *teen* female Starbucks co-workers related to these issues. Mariani, however, was not fired, nor adequately disciplined" (emphasis in original), "it is wildly inappropriate for Starbucks to hire, and continue to employ, an adult male who has demonstrated multiple incidents of sexually inappropriate behavior . . . ," *see* Opp. at 12-13).

weapons-related charges, (ii) the internal harassment complaint that alleged Mariani made inappropriate sexual comments, jokes, and innuendo in the workplace, and (iii) Plaintiff's unsupported belief that Mariani *could* have had additional criminal charges, asserted for the first time in the Opposition (Opp. at 12).  Upon these premises, Plaintiff asserts that Starbucks' hiring and continued employment of Mariani constitutes "condonation" of his conduct,[9] and that therefore, Starbucks should be liable for Mariani's off-premises, off-duty sexual assault of Plaintiff under the NYSHRL.  Opp. at 12-13.  This conclusion is neither logical nor supported by any legal precedent.

As explained in the Motion, "an employer cannot be held liable for an employee's discriminatory acts [under state and city law] unless the employer became a party to it by encouraging, condoning or approving it."  *Thomas v. New York City Health & Hosps. Corp.*, No. 02 Civ. 5159 (RJH), 2004 U.S. Dist. LEXIS 17694, at *32 (S.D.N.Y. Sept. 1, 2004) (internal citations omitted) (dismissing NYSHRL and NYCHRL claims, finding there was no evidence the employer encouraged, condoned, or approved the employee's actions).  However, "[c]ondonation may be disproved by a showing that the employer reasonably investigated a complaint . . . and took corrective action."  *Heskin v. InSite Advert., Inc.*, No. 03 Civ. 2508 (GBD)(AJP), 2005 U.S. Dist. LEXIS 2546, at *77 (S.D.N.Y. Feb. 22, 2005) (internal citations omitted); *Matter of Father Belle Community Ctr. v. New York State Div. of Human Rights*, 221 A.D.2d 44, 54 (4th Dep't 1996) (same); Motion at 15.  Putting aside the fact that Plaintiff does not allege a discriminatory act here, which is by itself dispositive of her NYSHRL claim, she *admits* that Starbucks took remedial

---

[9] Plaintiff's reference in the Opposition to additional allegations in the Complaint involving various unrelated alleged claims of harassment committed by other persons against employees and non-employees at other Starbucks locations are blatantly irrelevant to any alleged actions taken by Mariani against Plaintiff.  *See also* Motion at 10-11.

action by issuing a final written warning to Mariani after completing its investigation in 2021.[10] See Compl. ¶¶ 19, 21; Motion at 15. This admission warrants dismissal of Plaintiff's purported NYSHRL claim as there was no condonation of Mariani's behavior. Motion at 14-16. Further, as can be surmised from Plaintiff's lack of citations, the law does not support the notion that hiring a person who was convicted of weapons-related offenses 9 - 10 years earlier[11] to work in a retail coffee store amounts to "condonation" of behavior that would be likely to result in the sexual assault of another employee. That is because such a link is implausible.

Plaintiff states that the Complaint demonstrates that "it is wildly inappropriate for Starbucks to hire, and continue to employ, an adult male who has demonstrated multiple incidents of sexually inappropriate behavior towards minor child employees prior to M.H.'s rape." Opp. at 13. This assertion is baseless. First, none of the facts as alleged in the Complaint support the notion that Mariani took any sexually inappropriate actions towards minors prior to the assault, and in fact, the only concerns raised about Mariani that were found to be substantiated were that he "engaged in a pattern of making inappropriate, sexual *comments* in the workplace." Compl. ¶ 22 (emphasis added). The Complaint neither alleges that any concerns were raised about Mariani's conduct toward minors, nor that the concerns raised involved Plaintiff in anyway, nor that they involved sexual assault. Second, as the Motion explains, there is no possible cause of action based on these allegations under New York law. In fact, the Courts in New York have long recognized that "[t]he prior misconduct… must be of the same kind that caused the injury; general, unrelated

---

[10] Further, regardless of Plaintiff's present-day allegation that upon her own "information and belief," Mariani was engaged in a sexual relationship with a co-worker, Compl. ¶ 23, Plaintiff *does not* allege that Starbucks was ever notified of such relationship at the time that it performed its investigation. Plaintiff does not contest that she did not participate in the investigation as a complainant or a witness, Motion at 13-14, and does not state how Starbucks would have learned of such relationship at any time prior to Plaintiff's allusion to it in this litigation.

[11] It appears the paragraph that discusses the felony burglary charges against Mariani in Kentucky has a typographical error and should say Mariani was charged with these crimes on February 11, 2010. *See* Opp. at 12.

or lesser allegations of prior wrongdoing are insufficient." *Doe v. Alsaud*, 12 F. Supp. 3d 674, 681 (S.D.N.Y. 2014); Motion at 12.

Further, even if Starbucks had known of Mariani's 2010 and 2011 weapons charges, Starbucks could not have flatly refused to hire Mariani based on these convictions because New York law prohibits employers from applying blanket prohibitions on hiring individuals who have been convicted of criminal offenses. Motion at 12; New York State Corrections Law, Art. 23-A.[12] Starbucks' compliance with the Corrections Law cannot be construed as condonation of any and every act that a hired employee might commit. Therefore, Plaintiff's purported claim under the NYSHRL should be dismissed.

## CONCLUSION

For the foregoing reasons, and the reasons stated in the Motion, Defendant Starbucks respectfully requests that this Court grant its motion to dismiss in its entirety and dismiss the Complaint with prejudice, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
May 22, 2023

/s/ *Devjani Mishra*
Devjani H. Mishra
Rebecca Goldstein
Littler Mendelson, P.C.
900 Third Avenue
New York, NY  10022.3298
212.583.9600
*Attorneys for Defendant*

---

[12] Correction Law § 753, which is found in Art. 23-A, sets forth factors that are used "[i]n making a determination pursuant to [Correction Law § 752 (1)]" (Correction Law § 753 (1), (2)), which "sets out a broad general rule that employers and public agencies cannot deny employment or a license to an applicant solely based on status as an ex-offender" absent a finding that certain exceptions apply and, as such, presumes that there is no legal bar to the applicant holding the employment or license. *Matter of Bonacorsa v. Van Lindt,* 71 NY2d 605, 611 (1988); *see* Correction Law § 752 (1), (2); *Griffin v. Sirva, Inc.,* 29 N.Y.3d 174, 182-83 (2017). Executive Law § 296 (15), the Human Rights Law, incorporates article 23-A, making it "an unlawful discriminatory practice for any person . . . to deny any license or employment to any individual by reason of [that individual] having been convicted of one or more criminal offenses . . . when such denial is in violation of [Correction Law article 23-A]."